ROSENBAUM v RICE et al.

(Supreme Court, Appellate Division, First Department. July 7 1903.)

1. CORPORATIONS—STOCKHOLDERS—SUING ON BEHALF OF COMPANY.
    A stockholder seeking to enforce a cause of action of the corporation against individuals must show that the corporation has some right of action against the defendants which the directors have refused to enforce, and which he may enforce in favor of the corporation.

2. SAME—RIGHT TO SUE—ACTS AFFECTING INTEREST.
    Where a stockholder of a corporation has not participated in a scheme of its directors to induce the stockholders to exchange their stock for stock in another corporation, he cannot complain of the acts of such directors.

**3. SAME—WRONGFUL ACTS OF DIRECTORS.**

　　· A stockholder seeking to enforce a cause of action in favor of the corporation against directors for an alleged conspiracy to divert the corporate assets to a new company, to secure control of its money, to oust it of its offices, and to pervert its business, is not entitled to relief where the new company did not compete with any business of the corporation, nor divert its business, nor appropriate any of its assets, but after the purchase of the stock the business of the corporation largely increased, and reached a profitable basis.

Appeal from Special Term, New York County.

Action by Henry W. Rosenbaum against Isaac L. Rice and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Lewis L. Delafield, for appellant.

John M. Bowers, for respondents.

INGRAHAM, J.　The plaintiff, as a stockholder of a corporation known as the Consolidated Railway Electric Lighting & Equipment Company, brings this action in his own behalf and in behalf of all other stockholders of the corporation similarly situated, to enforce a cause of action in favor of the corporation. The complaint is very voluminous, setting up at great length various acts of the individual defendants in relation to the management of the equipment company, and also in relation to the organization and proceedings of the defendant the Consolidated Railway Lighting & Refrigerating Company. Assuming, for the purposes of this argument (a question which it is not necessary that we should discuss), that some of the acts of the individual defendants, as set forth in the complaint, would give a cause of action in favor of the refrigerating company, the plaintiff, not being a stockholder in that company, and having no interest in it, cannot enforce any right of action that exists in favor of that corporation against the individual defendants. The plaintiff's right to any relief in this action must depend upon his showing that the corporation of which he is a stockholder has some right of action against some of the defendants which the directors of that company have refused to enforce, and which he, as a stockholder, had a right to ask the court to enforce in favor of the corporation in which he is interested. Both of these corporations are organized under the laws of the state of New Jersey, and both do business in this state. The equipment company was engaged in the manufacture and sale under patents owned or controlled by it, which secured a practical monopoly of machinery whereby electricity generated by the revolving of the axles of car wheels was stored and applied to the lighting of railroad cars; and it also owned patents for a system of "electrical car refrigeration," and owned stock in other corporations which were interested in or controlled patents relating to business of this kind.

It is alleged that between the 1st of January and the 28th of March, 1901, there was in the treasury of the equipment company, in cash, the sum of $600,000, all of which was available as working capital for the said company; that the defendant refrigerating company was organized on the 1st day of March, 1901, for purposes similar to those of

the equipment company, and that subsequent to its incorporation on the 26th day of March, 1901, the refrigerating company was authorized to increase its capital stock to the sum of $22,000,000; that the refrigerating company was in part owned and controlled by the defendant Rice, who was also the president of the equipment company; and "that the said refrigerating company was so incorporated by, or at the direction of, the said last-mentioned defendants [Rice and the other individual defendants] in violation of their duties and obligations as officers and directors of the equipment company, for the purpose of enabling them to perpetrate a fraud upon the said equipment company and the stockholders thereof, for their own benefit, and as one step in a fraudulent conspiracy to that end, which had been devised by the said last-mentioned defendants for the purpose of furthering their private interests." That the organization of the refrigerating company for such a purpose by Rice and the other officers of the equipment company would be wrongful may be conceded, but, unless there was something that this company thus organized or those who organized it did which would tend to injure the equipment company or its stockholders, it is quite clear that there would be no cause of action in favor of either the equipment company or its stockholders.

The complaint then sets forth a scheme alleged to have been devised by Rice and his associates to induce the stockholders of the equipment company to exchange their stock for stock in the refrigerating company, which resulted in a large majority of the stockholders of the equipment company transferring their stock to the refrigerating company, and, in addition thereto, paying $2 in cash per share, receiving therefor an equal number of shares of stock in the refrigerating company. The plaintiff, however, refused to exchange his stock in the equipment company; so any wrong that was done to the stockholders who were induced to make the exchange cannot be remedied by this plaintiff. He has escaped from the scheme alleged to have been devised by Rice and his associates to defraud the stockholders of the equipment company by retaining his stock in the equipment company, and has all the advantages that, according to this allegation, Rice and his associates endeavored to induce him to surrender. It does not appear, therefore, that this plaintiff has any right to complain of the acts of Rice and his associates in endeavoring to defraud the stockholders of the equipment company.

We have, then, to ascertain whether there is any act of Rice or his associates, or of the refrigerating company, which has defrauded the equipment company, or deprived it of any property or right to which it was entitled. To induce the stockholders of the equipment company to sell to the refrigerating company their stock, and to receive therefor an equal amount of the stock of the refrigerating company, there was issued an offer of the refrigerating company to purchase the stock of the equipment company, and at the same time Rice issued a circular to the stockholders of the equipment company, in which he said:

"In view of the advertisement which has been issued by the Consolidated Railway Lighting and Refrigerating Company, a number of stockholders have

called upon me for my opinion as to the proposed offer, and, while it is outside of my province, as president of the Consolidated Equipment Company, to give any advice to the stockholders of that company as to the sale of their stock, it seems to me perfectly proper, in my capacity as stockholder of that company, to give to my fellow stockholders the reasons which impel me to accept the offer of the Consolidated Refrigerating Company."

And after stating the reasons which induced him to accept the offer his circular concludes:

"I desire to impress upon the stockholders that this arrangement which I have succeeded in making is purely an option secured for them, and that they will not in any way prejudice their present position by declining to avail themselves thereof. The two companies are not at all competing, as the refrigerating company controls no lighting patents; while the methods of refrigeration controlled by it, being much simpler and more practical, of necessity precludes competition on part of the equipment company for refrigeration business, whether the shareholders of the two companies become identical or remain distinct."

The complaint alleges that many statements in this communication to the stockholders of the equipment company were untrue, and that the circular was issued by Rice as a part of an unlawful plan or conspiracy formed between himself and certain other directors of the equipment company to enable the refrigerating company, which was controlled by the defendants, and of which they afterwards became directors, to obtain possession of the assets, moneys, cash, and good will of the equipment company by obtaining a controlling interest in its stock with a view to diverting the same from the said equipment company, and enabling the refrigerating company to take possession of the assets, moneys, cash, and good will of the equipment company unlawfully, and in the manner therein alleged; that Rice and his associates caused the refrigerating company to be incorporated with a name very similar to that of the equipment company; that in pursuance of the unlawful plan, and in violation of their duties as officers and directors of the equipment company, the defendants have permitted the refrigerating company to take possession of the offices of the equipment company; that they have erased the name of the equipment company from a point on the outer door of such offices, where it was formerly printed in large and conspicuous letters, and have caused such name to be printed in small and inconspicuous letters on a side panel of such door, and have caused the name of the refrigerating company to be printed in large and very conspicuous letters on the entrance of such office; that the action of the defendants and the refrigerating company has in fact caused a diversion of the good will of the equipment company, and that the refrigerating company has in fact partially ousted the equipment company from its aforesaid offices and has appropriated the same to its own uses, and is receiving the benefit of all business brought to the said offices, and that the similarity of name has in fact caused a confusion as to the identity of the said corporations, and has prevented, and will continue to prevent, the said equipment company from receiving business which would otherwise be brought to it; that the individual defendants have permitted and caused the refrigerating company to appropriate to its own use still further assets and properties of the equipment company, and to make use of and control in its own interest all or many of the officers and

83 N.Y.S.—32

employés of said company, and to make use of and occupy the factories of the said company; and that the refrigerating company, acting under the control of the other defendants, has taken possession and control of all the assets, good will, moneys, contracts, and other belongings of the equipment company, and is conducting the affairs for its own benefit, and without regard to the rights of the said equipment company, and is intermingling the moneys and other assets of the equipment company with its own, and is using the same indiscriminately for its own benefit as well as for the uses of the equipment company; that in the course of the transactions set forth in the complaint, the defendants, other than the equipment company, or some of them, have made large profits, which they are lawfully bound to account for and to pay over to the said equipment company; and that the acts of the defendants therein set forth have caused a heavy loss and damage to the equipment company, and that, unless the said defendants shall be compelled to desist therefrom, they will utterly destroy the said equipment company, and will inflict great and irreparable loss upon it and upon the plaintiff and all other stockholders of said company.

The substantial allegations of the complaint are put at issue by the answer of the defendants, and the action came on for trial at Special Term. The court there filed its decision dismissing the complaint upon the merits upon the ground that:

"The evidence did not establish that the Consolidated Railway Lighting & Refrigerating Company (hereafter called the 'Refrigerating Company') had taken over any of the assets or business of the Consolidated Railway Electric Lighting & Equipment Company (hereinafter called the 'Equipment Company'). The vast majority of the stockholders of the equipment company had expressed their approval of the plan assailed by the plaintiff, and the legal right of the minority stockholders was not invaded by the adoption of that plan. * * * The executive management of the equipment company has been continued precisely the same as before the formation of the refrigerating company. There was no proof that the business of the equipment company had been interfered with, or that its business or assets had been diverted. The personal wrong imputed to the defendant Rice affected only those who exchanged their stock without knowledge of his conduct. The plaintiff was not misled, and those who were have since, with full knowledge of the transaction, approved his acts. The names of the two corporations are easily distinguishable; the distinctive feature of the old corporation being the word 'Equipment' and of the new corporation the word 'Refrigerating.' They are not substantially the same, and any supposed similarity is not likely to deceive the public, nor work an injury to the plaintiff."

If this finding is sustained by the evidence, it necessarily follows that the court below was entirely right in refusing to the plaintiff any relief in this action. It is quite unnecessary for us to review the evidence. It is sufficient to say that there is an entire failure to prove any fact that would sustain a finding that either the individual defendants or the refrigerating company has done any act which would justify the court in awarding the plaintiff any relief. There is proof that at one time the refrigerating company borrowed a sum of money, the amount of which is not stated, from the equipment company; but the evidence is uncontradicted that subsequently the refrigerating company advanced large sums of money to the equipment company, and that the equipment company was, when the action was commenced, indebted to

it in a large amount. So whatever advances were made by the equipment company to the refrigerating company have been repaid. The evidence is also uncontradicted that, after the refrigerating company acquired this interest in the equipment company by the purchase of its stock, the business of the equipment company had largely increased, and has passed from what was called the "experimental stage" to the "commercial stage"; and while, at the time of the commencement of the action, the equipment company was not earning sufficient to meet its expenses, the business was rapidly increasing.

In relation to the use of the offices of the equipment company by the refrigerating company, it was proved that after the refrigerating company occupied those offices it contributed to the expense of offices and employés of the corporation, and, so far as it appears from the evidence, it paid its full proportion of such expenses. There is no proof that the refrigerating company has attempted in any way to compete with any of the business of the equipment company, or that it has diverted any of its business, or appropriated any of its assets; but, so far as appears, the individual defendants have worked to advance the interests of the equipment company, to develop its business, and to put it upon a paying basis. We think, after a review of the evidence, that the finding of the Special Term is amply sustained, and that no other finding would have been possible in view of the undisputed facts which appeared upon the trial; and, whatever motive may have induced the defendant Rice and his associates to organize the refrigerating company and to induce the shareholders of the equipment company to sell their stock to the refrigerating company, there is certainly no evidence to justify a finding that they have done any act by which the property or business of the equipment company has been interfered with or injured, and that upon these facts as proved the equipment company could be entitled to no relief as against either the refrigerating company or the individual defendants.

It follows that this cause of action, which is to enforce a right of action vesting in the equipment company, must fail, and that the judgment appealed from should be affirmed, with costs. All concur.