(96 App. Div. 301.)

### FARMERS' LOAN & TRUST CO. v. HOFFMAN HOUSE (HOFFMAN HOUSE, NEW YORK, Intervener).

(Supreme Court, Appellate Division, First Department.   July 13, 1904.)

1. JUDGMENTS—RES JUDICATA—SCOPE OF DECISION.

The decision of the referee on a reference to determine the amount which intervener in foreclosure proceedings should be required to pay by reason of its bid at the foreclosure sale is not res judicata of the defense raised by the petition of intervention in the foreclosure proceedings, which set out all the intervener's rights and equities in the matter.

2. INTERVENTION—RIGHTS OF INTERVENER—DISPOSITION OF ISSUES—DISMISSAL OF PETITION.

A defendant permitted to intervene in foreclosure proceedings, and setting up an issue which either wholly or partially defeats the mortgage, occupies the same position as though it had originally interposed an answer therein, and under Code Civ. Proc. § 965, requiring issues of either law or fact to be tried as prescribed, has a right to a trial and determination of the issue so raised, which the court cannot defeat by summarily dismissing its petition.

3. REFERENCE—REPORT OF REFEREE—CONFIRMATION—EFFECT.

A decision of the court refusing to stay proceedings upon the report of a referee in foreclosure proceedings, and confirming that report, was not, and could not have been, a determination of a party's rights in the foreclosure proceedings, which were not before the referee on the reference, or the court on the motion to confirm.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by the Farmers' Loan & Trust Company against the Hoffman House, and Hoffman House, New York.   From an order dismising a petition in intervention and vacating an order of reference, defendant last-named appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

David McClure, for appellant.

Charles E. Hughes, for respondent.

HATCH, J.   The defendant Hoffman House, New York, was permitted to intervene in the foreclosure action of the Farmers' Loan & Trust Company against the defendant the Hoffman House.   The order of intervention was based upon a petition of the Hoffman House, New York, wherein was set out all the rights and equities of this defendant to which it claimed to be allowed on account of the dealings of the receiver pendente lite with the property in the foreclosure action and otherwise.   The petition is long, and makes various claims not necessary now to be stated.   The proceedings which have been had, and the facts connected therewith, will be found stated in Stokes v. Hoffman House, 46 App. Div. 120, 61 N. Y. Supp. 821, s. c. on appeal 167 N. Y. 554, 60 N. E. 667, 53 L. R. A. 870.   The Court of Appeals, in its decision, declined to settle the equities between these parties in that action, but held that the Hoffman House, New York, was entitled to

have considered upon its purchase at the foreclosure sale all of the equities in its favor which might be urged in reduction of the amount which it was required to pay on account of its bid, and to have adjusted all equities which arose between it and the receiver, or otherwise, to which it might be entitled as purchaser or otherwise. In the discussion of what those equities were, and how and where they might be determined, the Court of Appeals used this language: "All these matters, however, are questions which can be determined only in the foreclosure action, and upon which we do not pass." Following this decision, the intervention was ordered, and issue was joined by the service of answers thereto by all the parties in interest, and the issues thus raised were referred, but seem never to have been disposed of. Thereafter an order of reference was entered, while the foregoing proceeding was pending, to a referee, to take proof and ascertain the amount which the Hoffman House, New York, as purchaser, should be required to pay on account of its bid, the amounts properly chargeable against the gross proceeds of the sale for expenses, etc., and to ascertain the value of the outstanding 125 mortgage bonds; it being recited in the order that it was to enable the court to fix and determine the value of the bonds, and the amount payable under the $35,000 bond which had been given by the Hoffman House, New York, as indemnity to protect the mortgagee for the amount it should be entitled to receive upon the foreclosure. Hearings thereon were had before the referee, and he finally made his report, in which it is claimed that all of the equities which existed in favor of the Hoffman House, New York, and to which it was entitled, were allowed by the referee, and deducted from the amount which the Hoffman House, New York, was required to pay to complete its purchase. After this report had been delivered, a motion was made to stay its confirmation until disposition was had of the issues raised by the intervention proceeding. This motion was denied, the report was confirmed by the court, and, upon appeal by the intervener to this court, the order was affirmed. Farmers' L. & T. Co. v. Hoffman House, New York, 86 App. Div. 617, 83 N. Y. Supp. 364. Thereafter this motion was made and granted, based upon the ground that the Hoffman House, New York, had been allowed for everything in deduction of the amount of its bid on the foreclosure sale to which it was entitled, and that, as it appeared before the referee and litigated all of the questions, it could take nothing of benefit by further continuing that action, and therefore the court had power to end a fruitless litigation by the dismissal of such proceedings.

The question presented upon this appeal is one of right of a defendant who has properly intervened in an action to have the issues raised therein settled therein, and of the power of the court to deprive the litigant of such right. It is quite evident that the determination of the referee in the special proceeding to arrive at the amount which the purchaser should pay by reason of its bid at the foreclosure sale is not res adjudicata of the defense raised by the petition of intervention, and pending as an issue in the foreclosure action. In the proceeding before the referee the issues were limited

.and narrow.   In the action all equities may be fully and completely litigated, determined, and adjusted.   Section 965 of the Code of Civil Procedure provides, "An issue, either of law or of fact, must be tried as prescribed in this chapter, unless it is disposed of as prescribed in chapter Sixth of this act."   Nothing in chapter 6 places any limitation upon the right to a trial of issues of fact raised in an action, where such issues are required to be determined in order to adjust the rights of the parties.   When the defendant Hoffman House, New York, · was permitted to intervene, it occupied precisely the same position as though it had originally interposed an answer to such foreclosure, wherein it raised an issue which either wholly or partially defeated the mortgage; and we know of no power in the court to strike out an answer upon motion, where such an issue was raised, because it is claimed that the questions there at issue have been determined in some other proceeding.   It may be that the plaintiff has a right in some form to avail itself of the trial and adjudication which has been had, but, whatever such right may be, it is not the right to summarily eject the defendant from an action, without a trial or other determination therein, wherein such defendant has raised an issue of fact.   Nothing short of a trial and determination of the issues in that action will serve to answer for the right thus obtained.

It is said that the decision of this court in refusing to stay the proceedings upon the report of the referee adjudicated such question in favor of the plaintiff, and that the subsequent confirmation of the report of the referee by this court was an adjudication that the Hoffman House, New York, had no farther interest or rights in the intervention proceeding in the action.   Such view is fallacious.   We were unable to see upon either motion any ground for a stay of those proceedings, or discover wherein or how the Hoffman House, New York, could obtain any further rights than it already had obtained by a continuance of such proceeding.  • Those considerations, however, were reasons why the proceeding should not be stayed, and why the motion for confirmation should be granted, but neither decision assumed to determine the rights of the defendant in the intervention proceeding.   Nor could it so determine, because such questions were not before it.   It had the right and authority to determine the proceeding so far as the questions were presented, and this it did by the denial of the motion in one case, and the confirmation of the report of the referee in the other; but such determination had no more effect upon the right of this defendant in the action in which it had intervened than though they had never been decided, or the questions presented.   It may be that the Hoffman House, New York, will take nothing that it has not already had the benefit of out of the continuance of the proceeding in the foreclosure action.   It may be that it will establish the existence of equities therein which are substantial, and which it has the right to have allowed, and which have not yet been determined.   The merits of its claims in that connection are not now before us for discussion.   The power of the court to summarily put an end to its rights is, and upon that question we reach

the conclusion that the court was without power to make the order which it did.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except VAN BRUNT, P. J., and PATTERSON, J., who dissent.